UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*,<br>    *Plaintiffs*,<br>v.<br>UNITED STATES,<br>    *Defendant*,<br>and<br>NTSF SEAFOODS JOINT STOCK CO.,<br>    *Defendant-Intervenor*. | Ct. No. 20-00105<br><br>Before: M. Miller Baker, Judge |

## ORDER

For the reasons stated in Slip Opinion 22-38 (ECF 67), it is hereby **ORDERED** as follows:

1. Plaintiff's motion for judgment on the agency record (ECF 31, confidential; ECF 32, public) is **GRANTED IN PART** and **DENIED IN PART**.

2. This case is **REMANDED** to the Department of Commerce for further administrative proceedings consistent with the court's opinion, including that the Department:

    a. explain whether Indonesia is economically comparable to Vietnam using the same World Bank gross national income data used to identify India and the five other countries on the Department's list of six countries at levels of comparable economic development;

    b. reconsider its determination that Indian data are superior to Indonesian data for valuing factors of production, including its

circular finding that the Indian data are better because they are from India, its finding that the Indian data represent a "broad market average," and its unexplained use of non-contemporaneous 2006 Indian labor data for a 2017–18 period of review;

    c.    address the evidence submitted by Catfish Farmers regarding the ratio of whole live fish to fillets and, in light of that evidence, reconsider whether NTSF accurately reported the volume of whole live fish required to produce its fillets;

    d.    address the issue raised in the sealed text in footnote 23; and

    e.    address the record evidence relating to moisture content.

3.    This case will proceed with the following schedule:

    a.    Commerce must file its remand determination on or before 120 days after the date of entry of this order.

    b.    Commerce must file the administrative record on or before 14 days after the date on which it files the remand determination.

    c.    The document on the court's website governing joint appendix preparation[1] will continue to govern the post-remand joint appendix, with the following exceptions:

---

[1] https://www.cit.uscourts.gov/sites/cit/files/Joint%20Appendix%20Preparation%20in%20Cases%20Assigned%20to%20Judge%20Baker.pdf.

  i. The joint appendix in the post-remand proceedings must be titled "Remand Appendix" (clarified, if necessary, with "Public" and "Confidential" designations as appropriate, as well as with volume numbers indicating the page ranges contained in each volume, again as appropriate).

 ii. The Remand Appendix must include all pages cited in the parties' post-remand comments to this court, regardless of whether they were previously included in the original Joint Appendix.

iii. Any page repeated from the original (pre-remand) Joint Appendix will bear the same Appx page number it bore in the original appendix. New pages not contained in the original joint appendix will receive page numbers that continue the numerical sequence from the last page of the original Appx page numbering. The process for numbering pages, and then for determining the actual pages to be included in the Remand Appendix, will follow the Joint Appendix Preparation instructions.

iv. References to parties' briefs in the Joint Appendix Preparation instructions are to be construed as referring to the parties' post-remand comments.

      v.    In addition to the required material described in ¶ 2 of the Joint Appendix Preparation instructions, the Remand Appendix must include Commerce's remand determination, and it must be arranged chronologically together with the other required material at the beginning of the Remand Appendix. The required material at the beginning of the Remand Appendix shall begin with page number Appx1 (which may include leading zeroes, at the parties' option).

d.    No later than 14 days after Commerce files the administrative record, the parties are to file a proposed scheduling order advising the court of which appendix preparation option the parties have selected and proposing due dates for the parties' comments, the Remand Appendix, and any motions for oral argument should a party wish to file one. The proposed due dates should reflect the appendix preparation option the parties choose.

e.    The parties' proposed scheduling order must prescribe deadlines for the intervenors' comments that are later than the deadlines for the parties the intervenors support in order to avoid repetition of arguments. It must also include an appropriately-reduced word count limitation for the intervenors' comments. The court normally allows an intervenor half the words available to the party-in-chief;

if the parties believe some other word count is necessary, please explain why.

Dated:     April 25, 2022         /s/ *M. Miller Baker*
               New York, New York    M. Miller Baker, Judge

5