IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NTSF SEAFOODS JOINT STOCK COMPANY, <br><br> Defendant-Intervenor. | Before: Hon. M. Miller Baker, Judge <br><br> Court No. 20-00105 |

## ORDER

Upon consideration of the comments filed by Plaintiffs Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc. (collectively, "CFA") regarding the August 23, 2022 remand results filed by the U.S. Department of

Ct. No. 20-00105

Commerce ("Commerce"), and all other papers and proceedings herein, it is hereby

**ORDERED**, that the August 23, 2022 remand results are remanded to Commerce for further consideration; and it is further

**ORDERED**, that Commerce on remand shall either:

(1) treat Indonesia as being at the "same" level of economic development as Vietnam or otherwise economically comparable; or

(2) provide adequate explanation and support for declining to do so, being mindful of:

  a. the fact that Indonesia's Gross National Income ("GNI") during the review period was closer to that of Vietnam than in multiple prior reviews in which Indonesia was treated as economically comparable with Vietnam;

  b. the necessity of fully explaining and supporting the "range of factors" used in determining that Indonesia is not economically comparable with Vietnam; and

  c. the necessity of fully explaining and supporting any determination that only the countries with GNIs within the

**Ct. No. 20-00105**

range shown on the list prepared by Commerce's Office of Policy are economically comparable with Vietnam; and it is further

**ORDERED**, that Commerce shall reconsider its reliance on Indian data to value whole live fish, fingerlings, feed, and labor in light of:

(1) its determination on remand regarding Indonesia's economic comparability with Vietnam;

(2) the overall statutory directive that the agency rely on the "best available information";

(3) the need to avoid speculation and unsupported assumptions regarding the number of farms reporting fish, fingerlings, and feed pricing data to *Fishing Chimes* and the volume of sales covered by *Fishing Chimes* data, as well as the need to avoid treating "corroboration" of particular data points as establishing that they are based on broad market averages; and

(4)  the lack of contemporaneity and specificity exhibited by Indian labor data and the record evidence regarding the percentage of input costs represented by labor; and it is further

**ORDERED**, that Commerce shall reconsider its treatment of NTSF Seafoods Joint Stock Company's reported ratio of whole life fish to

**Ct. No. 20-00105**

fillets in light of the agency's duty to fully consider record evidence and, to the extent that it finds specific pieces of record evidence unpersuasive or insufficiently probative, explain with particularity the shortcomings or errors in those pieces of evidence; and it is further

**ORDERED**, that Commerce shall reconsider its treatment of NTSF Seafoods Joint Stock Company's byproduct reporting in light of the record evidence identified by CFA at pages 41-43 of its comments on the remand results; and it is further

**ORDERED**, that this case will proceed with the following schedule:

(1) Commerce shall file its remand determination on or before 120 days after the date of entry of this order;

(2) Commerce shall file the administrative record on or before fourteen days after the date on which it files the remand determination;

(3) No later than fourteen days after Commerce files the administrative record, the parties shall file a proposed scheduling order advising the Court of which appendix preparation option the parties have selected and proposing due dates for parties' comments, the Remand Appendix, and any motions for oral

**Ct. No. 20-00105**

argument. The proposed due dates should reflect the appendix preparation option the parties choose; and

(4) The parties' proposed scheduling order must prescribe deadlines for the intervenor's comments that are later than the deadlines for the parties the intervenors support in order to avoid repetition of arguments, and include an appropriately-reduced word count limitation for the intervenor's comments. The Court normally allows an intervenor half the words available to the party-in-chief; if the parties believe that some other word count is necessary, the parties shall explain why; and it is further

**ORDERED**, that Joint Appendix Preparation instructions posted to the Court's website will govern preparation of the post-remand Joint Appendix, with the following exceptions:

(1) The Joint Appendix in the post-remand proceedings must be titled "Remand Appendix" (clarified, if necessary, with "Public" and "Confidential" designations as appropriate, as well as with volume numbers indicating the page ranges contained in each volume, again as appropriate);

**Ct. No. 20-00105**

(2) The Remand Appendix must include all pages cited in the parties' post remand comments to this Court, even if they were previously included in the original Joint Appendix;

(3) Any page repeated from the original (pre-remand) Joint Appendix will bear the same Appx page number it bore in the original appendix—*e.g.*, page Appx1776 remains page1776. New pages not contained in the original Joint Appendix will receive page numbers that continue the numerical sequence from the last page of the original Appx page numbering. The process for numbering pages, and then for determining the actual pages to be included in the Remand Appendix, will follow the Joint Appendix Preparation instructions.

**SO ORDERED.**

Dated: _____, 2023          _____
    New York, N.Y.                                                       M. Miller Baker, Judge