IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Consol. ) Court No. 20-00105 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| NTSF SEAFOODS JOINT STOCK CO., | ) ) |
| Defendant-Intervenors. | ) ) ) |

## DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING THE REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response

to the supplemental brief filed by the plaintiffs, Catfish Farmers of

America, America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest

Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a

Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc.,

Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of

the Pond, and Simmons Farm Raised Catfish, Inc. (collectively, CFA),

ECF Nos. 98 and 91 (CFA's Supp. Br.), pursuant to this Court's May 12,

2023 order directing parties to file supplemental briefs addressing the

by-product offset issue discussed in Commerce's final results of

redetermination.  *See* Order, ECF No. 96 (May 12, 2023); *see also*

*Catfish Farmers of America, et al. v. United States*, Slip Op. 22-38,

2022 WL 1375140 (Ct. Int'l Trade Apr. 25, 2022); Final Results of

Redetermination Pursuant to Court Remand, Aug. 23, 2022 (Remand

Results), ECF No. 75 (Remand P.R. 5), Appx17414-17479.[1]

As we explain below, Commerce asks that we respectfully request

a partial voluntary remand for Commerce to reconsider its

determination as to the by-product offset issue.

Controlling precedent allows us to ask the Court to remand a

matter, without confessing error, so that Commerce may consider its

prior position.  *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029

(Fed. Cir. 2001).  In *SKF USA*, the Court of Appeals for the Federal

Circuit outlined multiple scenarios in which an agency may seek a

---

[1] Citations to the public record "P.R. _" and confidential record
"C.R._" refer to the underlying administrative review record.  Citations
to "Remand P.R._" and "Remand C.R._" refer to the public and
confidential record of the remand redetermination, respectively.

remand: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028.

A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate. *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013) (granting a request for a voluntary remand because "Commerce has provided a compelling justification"); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for voluntary remand, recognizing the "presumption of governmental good faith" absent "'well-nigh irrefragable proof' of bad faith").

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the

scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Moreover, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.* When the agency seeks remand to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise consists of administering the statute. *See Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007).

After further examination of the record evidence cited by CFA in its supplemental briefing, we respectfully request a voluntary remand for Commerce to reconsider the narrow issue of potential double counting with regard to by-product offsets that NTSF Joint Stock Co. (NTSF) had received. Regrettably, in the remand results, Commerce mistakenly stated that "NTSF did not request or obtain an offset related to frozen portions of fillets or any other frozen by-product in this segment." Remand Results at 59, Appx17472. That was incorrect; the record demonstrates that NTSF did obtain an offset for frozen by-product in this segment. *See* NTSF's Verification Exhibits

4

Resubmission at Exhibit 21 (P.R. 491; C.R. 512), Appx 100973-100975.

Following the additional supplemental briefing on this issue, Commerce further examined the verification document CFA identified and is requesting this voluntary remand to re-evaluate whether potential double counting with NTSF's factors of production reporting is present.  Granting this remand request is appropriate because "the agency seeks remand to correct a mistake or address some other substantial and legitimate concern{.}" *Gleason Indus. Prods.*, 31 C.I.T. at 392; *see also Baroque Timber Indus.*, 925 F.Supp.3d at 1339 ("clarifying and correcting a potentially inaccurate determination is a compelling justification").

Should the Court grant our request, we respectfully propose that the Court provide 60 days for Commerce to examine the record, issue any supplemental questionnaires to the parties, prepare and file a draft remand, solicit, consider, and address comments on its draft remand, and submit its remand results to the Court.

For these reasons, we respectfully request that the Court grant our request for voluntary remand so that Commerce can reconsider its determination with regard to the by-product offset issue.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

OF COUNSEL:
HENDRICKS VALENZUELA          /s/ Kara M. Westercamp
Of Counsel                    KARA M. WESTERCAMP
Office of the Chief Counsel   Trial Attorney
 for Trade Enforcement & Compliance U.S. Department of Justice
U.S. Department of Commerce   Civil Division
Hendricks.Valenzuela@trade.gov  Commercial Litigation Branch
                              P.O. Box 480
                              Ben Franklin Station
                              Washington D.C.  20044
                              Tel: (202) 305-7571
                              Fax: (202) 514-8640

June 22, 2023                  Attorneys for Defendant